IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TUAN HUU PHAM,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BENEFIT CENTER; USCIS; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | CIV. NO. 23-00242 JMS-WRP<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, ECF NO. 9, WITHOUT LEAVE TO AMEND |

### ORDER DISMISSING FIRST AMENDED COMPLAINT, ECF NO. 9, WITHOUT LEAVE TO AMEND

Before the court is pro se Plaintiff Tuan Huu Pham's ("Plaintiff") First Amended Complaint ("FAC") against Defendants National Benefit Center, United States Citizenship and Immigration Services ("USCIS"), and the U.S. Department of Homeland Security ("DHS"). ECF No. 9. As discussed below, the court DISMISSES the FAC for lack of subject matter jurisdiction, without leave to amend.

### I.  STATUTORY SCREENING

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *see Anders v. California*, 386 U.S. 738, 744 (1967), and *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint should be dismissed if it fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. <u>ANALYSIS</u>

Plaintiff's initial Complaint, filed on June 6, 2023, claimed that he was wrongly denied a discretionary adjustment of status—that is, a "green card"—under 8 U.S.C. § 1255. Plaintiff alleged:

> This matter concerns a policy issued and system created by the National Benefits Centre [sic], USCIS, and Homeland Security, which caused extraordinary trauma and rejection to my green card applications and employment card applications.

ECF No. 1 at PageID.4.  Further, Plaintiff claimed that

> 1) Homeland Security made mistake on my travelling records[;] 2) USCIS failed to act with ordinary care and breached their duty of care owned to me and my family[; and] 3) National Benefit Centre failed to manage the work and duty of USCIS and Homeland Security which result direct and proximate suffered severe emotional distress and substantial damages from August 2020 until present.

*Id*. at PageID.5.  At screening, the court determined in a July 3, 2023 Order that it lacked jurisdiction to review Plaintiff's claims that he was wrongly denied a green card and employment status.  ECF No. 7 (dismissing Complaint with leave to amend).  In finding a lack of jurisdiction, the court relied on the Immigration and Nationality Act ("INA"), which imposes specific limitations on judicial review:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
>> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title[.]

8 U.S.C. § 1252(a)(2)(B)(i).

3

Further, the Supreme Court recently held, in relation to a removal proceeding, that federal courts lack jurisdiction to review a discretionary-relief proceeding under § 1255, based on the § 1252(a)(2)(B)(i) bar. *See Patel v. Garland*, 142 S. Ct. 1614 (2022). *See also Rivera Vega v. Garland*, 39 F.4th 1146 (9th Cir. 2022).

Finally, even though *Patel* analyzed the application of §1252(a)(2)(B)(i) in the removal context,

> [e]very Court of Appeals that has considered the issue has concluded that judicial review of adjustment of status determinations made by USCIS outside of the removal context is barred. *Abuzeid v. Mayorkas*, 62 F.4th 578 (D.C. Cir. 2023); *Britkovyy v. Mayorkas*, 60 F.4th 1024 (7th Cir. 2023); *Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, No. 22-11818, 2023 WL 2564856 (11th Cir. Mar. 20, 2023). And the Ninth Circuit has assumed without discussion on at least four occasions that the jurisdiction-stripping provision of subparagraph (B) applies outside of the removal context. *See Herrera v. Garland*, 2022 WL 17101156 (9th Cir. Nov. 22, 2022); *Poursina v. USCIS*, 936 F.3d 868 (9th Cir. 2019); *Gebhardt v. Nielsen*, 879 F.3d 980 (9th Cir. 2018); *Hassan v. Chertoff*, 593 F.3d 785 (9th Cir. 2010) (per curiam).

*Akinmulero v. Dep't of Homeland Sec.*, 2023 WL 3058014, at *1 (W.D. Wash. Apr. 24, 2023).

Based on this law, the court determined that it lacked jurisdiction to review Defendants' denial of discretionary relief. The court also found that any claim for damages was barred by § 1252(a)(2)(B)(i) as this court lacks jurisdiction

4

to review "any judgment regarding the granting of relief" under § 1255. ECF No. 7 at PageID. 22–24. Nonetheless, the court granted Plaintiff leave to amend his Complaint. The court was uncertain if Plaintiff was making a claim regarding a separate application for employment authorization (Form I-765), and, given that uncertainty, provided Plaintiff

> with an opportunity to amend the complaint to demonstrate the exact nature of how Defendants' actions provide the court with subject matter jurisdiction. If Plaintiff chooses to file an amended complaint, Plaintiff must clearly explain the nature of the application for employment that he filed, and circumstances surrounding the denial of that application.

*Id*. at PageID.25.

Plaintiff filed his FAC on July 7, 2023. ECF No. 9. It repeats the same allegations contained in his initial Complaint, with some further explanation. In particular, the FAC claims in part that

> USCIS National Benefit Centre went ahead to reject my Green Card application stated that only reason because I was travelling out of U.S. while my applications were pending (which I did not, and it was not true). They also made my Employment Authorization rejected because those applications related to each other as condition. You could not be granted Employment Card if your Green Card application was denied, which is invalid in this circumstance.

ECF No. 9 at PageID.28. In short, Plaintiff has provided no explanation as to how this court could have subject matter jurisdiction over the denial (even a wrongful

denial) of his green card application.  As stated in the court's July 3, 2023 Order, this court has no jurisdiction to review the denial of a green card application under 8 U.S.C. § 1252(a)(2)(B)(i) ("[R]egardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title[.]").  *See also Patel*, 142 S. Ct. at 1627; *Rivera Vega*, 39 F.4th at 1153 (holding that, under *Patel*, § 1252(a)(2)(B) strips federal courts of jurisdiction to review factual findings made by USCIS, even when those factual findings are erroneous).  And, as clarified in the FAC, the denial of Plaintiff's employment application was tied directly to the denial of his green card application.  As such, this court lacks subject matter jurisdiction over the allegations in the FAC.

### III. CONCLUSION

Based on the foregoing, the Complaint is DISMISSED.  Furthermore, having already given Plaintiff an opportunity to amend, further amendment would clearly be futile.  *See, e.g.*, *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) ("Although leave to amend should be given freely . . . denying leave is not an abuse of discretion if 'it is clear that granting leave to amend would have been futile.'") (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 13, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Pham v. National Benefit Center, et al.*, Civ. No. 23-00242 JMS-WRP, Order Dismissing Amended Complaint, ECF No. 9, Without Leave to Amend